For full opinion see 1 OO 430; 48 Oh Ap 290.

## WEST v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2434. Decided July 5, 1934

Jones & Henderson, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. E. Brown, Asst. Pros. Atty., Springfield, for defendant in error.

MONTGOMERY, J, (5th Dist)
sitting by designation.

## OPINION

.By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the rulings, findings, orders and judgment of the Court of Common Pleas of Franklin County, Ohio.

The parties appeared in the same order in the court below.

At the close of plaintiff's case a directed verdict was returned on motion of defendant.

The petition in error sets out six specifications of error, but in reality all revolve around the order for a directed verdict.

The basis of plaintiff's action is a death claim. From the pleadings and evidence it is disclosed that her husband, William West, on and prior to the 17th of October, 1930, was an employee of the Caskey Cleaning Company of Columbus, Ohio, and on said date, while in the performance of his duties under a contract of hire, fell backwards from the scaffold on which he was standing to the concrete floor below, spraining his back and fracturing his wrist, which injuries it is claimed accelerated his death, which occurred on June 13, 1931.

A certificate of death gave as the cause, "meningitis."

It was the theory of the trial court that there was no evidence showing any causal relation between the immediate cause of death and the injuries previously received.

It is our conclusion that under the state of the evidence it was purely a jury question, and that the trial court was in error in directing a verdict.

In this medical certificate which gives the cause of death as meningitis, we also find noted that the contributory cause was injury to spine October, 1930, and that the test was confirmed by an autopsy.

Dr. Adams, called as a witness, testified that he attended William West in the hospital. He describes the nature and extent of his injuries and further testifies that it is possible for the bacilli or bacteria, through injured bone, to enter the blood stream by reason of lowered resistance. It is quite true that Dr. Adams stated that he could not say positively that this happened in the case of William West. We think it is generally true that no medical expert can ever say positively that any particular bacteria enters the blood stream at any particular point.

The testimony discloses that previous to the accident William West was a man, 41 years of age, of sound health, and very active.

After the accident for a period of eight months he was incapacitated, and gradually grew worse.

He was brought home the day of the accident showing outward evidence of this injury to the spine. The X-ray subsequently taken showed a broken back. He walked bent over. In December following the accident in October, he attempted to go back to work, but had to give it up within a few

hours. He had to be assisted from his chair and could not turn over in bed alone. The condition became so serious that he was finally taken to the hospital and in a day or two thereafter he died.

We think it should have been left to the jury to determine whether or not from all the evidence adduced in the case there was a showing of causal relation between the injury and the cause of death.

It seems to us that there was evidence that would argue strongly to the conclusion that the serious injury accelerated the death which followed some eight months thereafter.

The judgment of the court below will be reversed and cause remanded for further hearing at costs of defendant in error.

HORNBECK, PJ, and MONTGOMERY, J, concur.