## HOF v INDUSTRIAL COMMISION

Ohio Appeals, 2nd Dist, Franklin Co

No 2986. Decided March 31, 1939

C. J. Wardlaw, Columbus, for appellant.
Ralph J. Bartlett, Prosecuting Attorney, Columbus, for appellee.

### OPINION

By GEIGER, J.

This action is pending on appeal from an order of the Court of Common Pleas sustaining motion of defendant for an instructed verdict, at the conclusion of all the testimony.

The plaintiff below, in her petition, states in substance, that she was the wife of Frederick Hof deceased, wholly dependent upon him and that she comes into court on an appeal from the final action of the Industrial Commission. She states that on or about the 13th day of January, 1933, while the decedent was in the course of his employment, working at his bench as a pattern maker for the Jeffrey Manufacturing Company, he was accidentally and severely injured by receiving a deep cut on the back of his head; that thereafter he had severe head pains and showed certain weaknesses up until the time of his death on the 3rd day of June, 1933; that the injuries he received directly aggravated and accelerated a pre-existing heart ailment to such degree as to hasten and cause his death; that the death and acceleration thereof was directly and proximately caused by the injuries he received on the 13th day of January in the course of and arising out of his employment.

On August 11, 1933, plaintiff filed her claim with the Industrial Commission; on the 20th of October, 1933, her claim was

disallowed by the commission for the reason:

"Proof of record fails to show that decedent's death was due to an injury sustained in the course of and arising out of employment."

She alleges that she filed her application for rehearing and that testimony was taken and considered by the commission, which on the 14th day of December, 1936, made the following order,

"that the claim be disallowed for the reason that claimant's death was not the result of an injury sustained in the course of his employment."

It is asserted that this was a finding by the defendant that it had no jurisdiction of her claim and that within sixty days thereafter she filed her petition. She prays that she be found entitled to participate in the State Insurance Fund.

. The defendant filed an answer admitting certain matters including the death of the husband on about June 3, 1933, and that plaintiff filed an application for compensation, upon which proceedings were had as set out in the petition. Defendant denies all other allegations and prays to be dismissed.

Trial was had and after introduction of plaintiff's evidence and again after all the evidence the defendant moved for directed verdict for the reason that there is no evidence in the record to show that the deceased suffered an accidental injury, in the course of his employment and arising out of his employment; and for the further reason that there is no evidence to show any connection between the injury of the deceased on January 13, 1933 and his subsequent death on June 3, 1933.

The court overruled the first motion and after extended consideration of the last motion, held that reasonable minds could reach but one conclusion and that conclusion would be adverse to the claim of the plaintiff and the Court instructed the jury to sign the verdict for the defendant.

The entry appealed from appears in the record under date of September 19, 1938 to the effect that the motions for new trial and to set aside the verdict were overruled and it was ordered that the defendant be dismissed.

The bill of exceptions embodying the evidence and the opinion of the court cover 249 pages. Much of the matter exhibited by the bill could have been omitted or presented with many deletions of inconsequental matters which do not serve to exhibit the error complained of.

Appellant assigns prejudicial errors in that the court erred in excluding testimony and exhibits and in the admission of testimony offered by the defendant; in sustaining defendant's motion for directed verdict; in overruling plaintiff's motion to set aside the verdict and for new trial and for other errors.

Counsel for each side in this case have filed interesting briefs. After reading the bill of exceptions and studying the several briefs, the court realizes that this case is one which involves nice distinctions and difficult questions.

The appellant is the widow of the working man who was injured on January 13, 1933 while engaged in his employment and who died on June 3, 1933 from acute heart dilation, the contributing cause of death being myocarditis and endocarditis. Frederick Hof, aged 64, had been employed as a pattern maker by the Jeffrey Manufacturing Company for a long term of years. It appears from the record that on January 13, 1933, he was at work at his bench about ten feet from a machine known as a "shaper". This consisted of a flat table through which projected a revolving spindle to which two flat knives or bits, one by three inches, were attached and secured by appropriate fastenings. The spindle revolved at a speed of 7200 revolutions per minute. At the time in question the two knives were thrown from the revolving spindle and immediately the decedent fell to the floor with a cut of from three to four inches in the back of his head. The knives were later found in positions somewhat remote from and at divergent angles to the bench occupied by the decedent. Due to the high speed with which the knives would travel after being cast from the revolving spindle, no one saw their actual flight through the air. Some question has been raised as to whether the decedent who had formerly suffered a fainting spell due to heart conditions did not receive his injury from falling backward over an iron table that was located near his bench. We see no force in this claim. The man was evidently injured from a flying blade and the fact that the blade was later found at a point remote from and and not in a direct line with the bench at which he was working furnishes no evidence that there could have been any other cause for the cut on the back of the head. As to the fact that no one saw the knives while passing through the air is no more remarkable than that a person may not dis-

cover the passage of a bullet fired from a high-powered gun. The spindle cast off the knives and the man immediately fell. It would be singular if his fall from a fainting spell should be coincident with the projection of the steel knives in their rapid flight through the air. The commission recognized this and upon the workman making proper application, he was allowed compensation on account of the injury received, no question being raised that it was not a compensable accident suffered by him during the course of his employment. The evidence shows that some ten years prior to this injury Mr. Hof was examined by a physician who then found, and so testifies in this case, that the decedent's heart was enlarged from chronic endocarditis and myocarditis, the physician stating that the heart was fully compensating at that time.

It further appears on December 3, 1932, about six weeks prior to the accident Mr. Hof had a fainting spell on a street car and was then taken to St. Francis Hospital and again examined by the same physician who had examined him ten years before. This physician testified that upon his examination at the hospital, after the fainting spell, he found approximately the same condition of the heart that he had before found.

The plaintiff in her petition has alleged that the injuries her husband suffered on January 13. 1933, directly aggravated and accelerated a pre-existing heart ailment in such degree as to hasten and cause the death of Frederick Hof on the 3rd day of June. 1933; that the death and the acceleration of the death was directly and proximately caused by the injuries so received. The petition also asserts that after the accident the injured man was given first aid at the factory, was then taken to a hospital and that thereafter he had severe head pains, dizziness, nervousness, was weak and exicitable and was worried until the time of his death.

One of the assignments of error was to the court's excluding certain testimony and exhibits offered at the trial consisting largely of hospital reports as to the condition of the decedent after the injury. We shall not concern ourselves as to whether or not the court committed error in excluding these reports for the reason that for the purpose of this examination we will consider all the proffered testimony whether received or excluded as being before us and we will give it consideration in determining the main issue in this case.

As stated before, the commission properly allowed compensation to the workman for the injury he suffered but this action is,

one in which the widow seeks a recovery on account of the death of her husband and it is incumbent upon her to show not only the accidental injury occurring in the course of the employment, which would entitle the workman to compensation, but also that the injury was the proximate cause of the death.

Testimony was introduced tending to support the allegation of the petition concerning the physical deterioration of the man after the happening of the accident and after his return from the hospital. Our difficulty arises in attempting to determine whether the plaintiff introduced such competent testimony as to the cause of the death of her husband as would require the case to be submitted to the jury rather than decided upon the motion for an instructed verdict. The decedent suffered from a cardiac condition and the question as to whether the blow upon the head accelerated a pre-existing heart ailment so as to hasten or cause the death is manifestly a question that must be largely determined from the testimony of medical men. In certain cases, which we have had occasion to examine, among others **Esmonde v The Lima Locomotive Company, 51 Oh Ap 454**, the courts have held that if upon consideration of both the professional and lay testimony reasonable minds might arrive at a different conclusion that the case should be submitted to a jury. We, however, feel in this case that evidence touching the man's physical condition between the time of the injury and his death, as developed by the testimony of the lay witnesses, is not such as to form a safe basis of a verdict that the man died from an acceleration of his cardiac condition due to the accident. We must rely upon the testimony of the doctors. The court below based his opinion largely upon the case of **Industrial Commission v Lathrop, 52 Oh Ap 55**, to the effect that it is necessary to not only show the accidental injury but that such injury was a proximate cause of the death and that where testimony of physicians called as witnesses, including the testimony excluded by the trial court, only tends to show that the injury could have been the cause of the death, there being no positive evidence that it was the cause, it is error for the trial court to overrule the motion of the defendant for a directed verdict.

Counsel for appellant have cited a large number of cases which they assert support the position that they are seeking to maintain. Among these cases may be noted

Commission v Holman 40 Oh Ap 426.
Commission v Bowshier, 41 Oh Ap 79.
Commission v Gillard, 41 Oh Ap 297.
Commission v Hineline, 47 Oh Ap 50.
Commission v Weimer, 124 Oh St 50.
Spicer v Tudaker, 127 Oh St 501.
West v Industrial Commission, 18 Abs 366.
Baking Company v Middleton, 118 Oh St 106.
Commission v Schick, 125 Oh St 419.
Toledo Edison Co. v Tullis, 51 Oh Ap 417.
Commission v Luger, 5 Oh Ap 148.

We have examined these cases. Many of them involve the question as to the weight to be given to expert testimony where the witness has stated that certain conditions "might", "could", "possibly could" produce certain results.

We however adhere to the principles that a jury may not find a verdict which is based only on possibilities. Cases must be determined on probabilities. Many matters are possible which are not probable and for an expert to say that certain physical facts may "possibly", "could" or "might" produce certain results is not sufficient to require the case to be submitted to the jury unless there are evidential facts in connection with the medical testimony which would form a foundation for the jury's judgment not dependent upon speculation or guesses.

We have read with care the opinions of the court first given orally on page 240, et seq, of the bill of exceptions and on the motion for new trial appended to the bill of exceptions. The court analyzes with great care all the decisions that have been cited by counsel and has made a careful analysis of the testimony. We have taken occasion to examine his conclusions, both as to the law and as to the testimony of the various witnesses and are in accord with him.

We have recently had occasion to decide a somewhat similar case. **Johnson v Commission** (unreported), wherein the effect of the testimony of a physician as to possibilities to which physician had testified was under consideration and while the facts are not the same as the case at bar yet our conclusions there arrived at are in harmony with the opinion of the court below in this case.

Judgment sustained. Cause remanded.

HORNBECK, PJ, and BARNES, J, concur.